**LUBORE v. PITTSBURGH COURIER PUB. CO., Inc.**

**Civ. A. No. 4160–49.**

United States District Court
District of Columbia.

Nov. 15, 1951.

Milton Dunn, Washington, D. C., for plaintiff.

James A. Cobb, George E. C. Hayes, Washington, D. C., for defendant.

KEECH, District Judge.

This cause came on to be heard on October 31 and November 1, 1951; and upon consideration of the pleadings filed herein, the testimony adduced in open court, and argument of counsel, the Court makes the following findings of fact and conclusions of law:

Findings of Fact

1. The plaintiff, Irving Lubore, was and now is a detective sergeant in the Metropolitan Police Department of the District of Columbia, and was and still is a man of good repute.

2. The defendant, Pittsburgh Courier Publishing Co., Inc., a corporation, publishes a newspaper of general circulation in the District of Columbia and elsewhere.

3. That on June 4, 1949, the said defendant published in the Washington Edition of its said newspaper, which was generally distributed in the District of Columbia and elsewhere, the following article:

"Claims Cop Took $1,225
"Lawyer To Seek Further Probe
"(Picture of Miss Roxie Henry)
"Two James Brothers Convicted on
Charge of $60,000 Robbery

"So far as the Government is concerned the sensational Richard R. Beckley $60,000 safe robbery was satisfactorily concluded with the conviction of Stance and Oliver James following a two weeks trial in Judge Henry A. Schweinhaut's court last week.

"However, several questions and unusual circumstances were left unexplained when the trial ended. Principal among these was what happened to $1,225 alleged to have been confiscated by a Police Detective Sergeant who searched the home of an alleged girl friend of one of the convicted men.

"Stance James, 29, 1332 Ninth Street, N. W., and his brother, Oliver, 24, 1600 A Street, N. E., were arrested Sunday, Feb. 20, and charged with housebreaking and larceny.

"Identified Pair

"Retired Police Detective Sergeant Richard Beckley, 1800 New Jersey Avenue, N. W., identified Stance and Louis Singleton, 40, 910 Westminster Street, N. W., as two of the three men who put a gun on him and removed his safe from his home around midnight on Jan. 22.

"Mr. Singleton was found not guilty.

"According to Miss Roxie A. Henry admitted girl friend of Stance James, she saw Detective Sergeant Irving Lubore take $1,225 from her clothes closet at the Ninth Street address. Lubore was one of four men who searched the premises for loot in the alleged safe robbery.

"The money taken by the policeman was savings and rental receipts from her roomers, Miss Henry said.

"Denied Seeing Money

. "On inquiry by her attorney, Curtis P. Mitchell, it was learned that the marshal's office had not made the search as is routine in such cases. Lubore admitted having searched the house, but denied having even seen the money reported confiscated.

"Meanwhile, in reply to Attorney Mitchell's inquiries, both the District Attorney's office and the Superintendent of Police have informed him that their investigations fail to show that Detective Lubore can be held accountable for the money.

" 'I was standing less than five feet from the detective when he took four fifty dollar bills, two ten dollar bills, a five dollar bill and a $1,000 bill that I had hidden in a fur-trimmed boot in my closet,' Miss Henry said.

"Metal Box Broken

" 'He then broke open a metal box in my bedroom and took receipted bills, asking me how I got that fur coat hanging in the closet,' Miss Henry recalled.

"The woman said Sergeant Lubore put the money in his inside pocket, placed her under arrest, and took her to the Women's Bureau. She became concerned when she did not get the money on her release, after it was decided she had no connection with the crime, she declared.

"Miss Henry's attorney said he would not let the matter rest, but will demand that the authorities investigate the charge more thoroughly. * * *"

4. The charge made by Roxie Henry reported in said article was an oral statement made to the United States Attorney for the District of Columbia and was reduced to affidavit form by an Assistant United States Attorney, a copy of which affidavit was given to a representative of the defendant newspaper by Curtis P. Mitchell, attorney for the said Roxie Henry.

5. The defendant did not prove or plead that the plaintiff took $1,225, or any part thereof, from Roxie Henry.

6. As the result of the publishing of said article the plaintiff sustained damages to his reputation and was otherwise humiliated and suffered mental pain and anguish.

7. The said article was not published with express malice or in reckless or careless indifference to the rights and feelings of the plaintiff.

## Conclusions of Law

■ 1. By repeating the defamatory charge made against the plaintiff by Roxie Henry, the defendant newspaper published a defamatory charge concerning the plaintiff.[1]

■ 2. The defendant having failed to plead or prove the truth of said charge, it is, as a matter of law, deemed to be false.[2]

■ 3. The article charged the plaintiff with a crime, grand larceny, and was therefore libelous per se.

■ 4. The said article was not privileged as a report of a judicial proceeding.[3]

■ 5. The said article was not privileged as fair comment on a matter of public interest, since it contained a misstatement of fact.[4]

■ 6. The plaintiff is entitled to compensatory damages for humiliation, mental pain, and anguish, and injury to reputation in the sum of $1,500.00, plus costs.

7. The plaintiff is not entitled to punitive damages.[5]

1. Times Pub. Co. v. Carlisle, 8 Cir., 94 F. 762, 767.

2. Washington Post Co. v. Wells, 27 App. D.C. 495, 498.

3. See Washington Times Co. v. Bonner, 66 App.D.C. 280, 284, note 2, 86 F.2d 836, 110 A.L.R. 393.

4. Russell v. Washington Post Co., 31 App. D.C. 277, 282; Washington Times Co. v. Bonner, supra, 66 App.D.C. at page 286, 86 F.2d 836.

5. Russell v. Washington Post Co., supra, 31 App.D.C. at page 281.